UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 03-242-07-RE |
| Plaintiff-Respondent, | CV 06-693-RE |
| v. | OPINION AND ORDER |
| PEDRO VASQUEZ-GOMEZ, | |
| Defendant-Petitioner. | |

REDDEN, Judge:

      The matter before the court is Defendant Pedro Vasquez-Gomez's Motion (doc. 316) under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Defendant's motion is DENIED.

      Mr. Vasquez-Gomez was one of several defendants charged in a multi-count indictment with conspiracy to distribute cocaine. As a defendant with a prior felony drug offense, Mr.

PAGE 1 - OPINION AND ORDER

Vasquez-Gomez faced a potential twenty-year mandatory minimum sentence under 21 U.S.C. § 841 if convicted.

Pursuant to a plea agreement, Defendant entered a plea of guilty on October 28, 2004 to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the plea agreement, Defendant agreed: (1) the maximum penalty for his crime was twenty years imprisonment, a fine of $1,000,000 and at least three years of supervised release; (2) to judicial fact finding and resolution of all sentencing issues, including the determination of relevant conduct; (3) to plead guilty and waive his right to a trial; and (4) that the court was not bound by the sentencing recommendation of the parties. In exchange for Defendant's plea, the government agreed: (1) not to file a sentencing enhancement based on Defendant's prior felony conviction; (2) to recommend a three level adjustment for acceptance of responsibility; (3) not to seek any additional adjustments; and (4) to dismiss the pending conspiracy count against Defendant.

Defendant signed the plea agreement, affirming that he reviewed and understood the agreement, and was satisfied with his counsel's legal assistance. Defendant's counsel and an interpreter also signed the agreement, affirming that they had translated and carefully reviewed the plea agreement with Defendant.

On October 24, 2004, the court held a plea hearing and reviewed the terms of the plea agreement with Defendant. Defendant stated, under oath, that he understood the maximum sentence which could be imposed by the court, and the court was not bound to follow the sentencing recommendations of the parties. Defendant also stated that he understood by pleading guilty, he waived his right to a jury trial and consented to a judicial fact finding and resolution of any and all sentencing issues. Defendant assured the court that his plea of guilty

was made freely and voluntarily, and that no other promises had been made to him regarding his plea agreement. Defendant confirmed that his attorney explained the plea agreement and the Federal Sentencing Guidelines to him in detail. Defendant stated that he was satisfied with his attorney's representation and advice. Defendant also stated that fully understood the consequences of his plea agreement.

On May 6, 2005, the court held a sentencing hearing. The United States urged the court to impose a 168 month sentence based on Defendant's criminal history and his responsibility for more than 50 kilograms of cocaine. Based on Defendant's health, age, and his relatively minor role in the conspiracy, Defendant's counsel argued Defendant should receive a substantially reduced sentence. Defendant's counsel urged the court to impose a 70-month sentence, which was comparable to the sentences imposed against Mr. Vasquez-Gomez's co-defendants.

Based on his criminal history and the relevant conduct attributable to him, I found that Defendant fell into a range of 135 to 168 months under the advisory sentencing guidelines. Unlike the other defendants in this case, Mr. Vasquez Gomez had a prior narcotics conviction. Therefore, he did not qualify for the safety-valve reduction, which lowered the sentencing range for his co-defendants. Furthermore, I found Defendant was responsible for at least 15 to 50 kilograms of cocaine. I also noted that Defendant should not be rewarded with a reduced sentence for his role in bringing his children into a criminal enterprise. After considering the guidelines, the Section 3553 factors, and the parties' recommendations and arguments, I sentenced Defendant to a 135-month term of imprisonment, followed by three years of supervised release.

On May 10, 2006, Defendant filed the present motion under 28 U.S.C. § 2255, asserting

several claims of ineffective assistance of counsel. Defendant alleges his former counsel, Jeffrey S. Jones: (1) lied to Defendant about the maximum sentence he would receive; (2) rushed Defendant into signing the plea agreement and told petitioner how to answer the court's questions at the plea hearing; (3) failed to file appropriate discovery motions, and failed to adequately research the applicable law and facts; (4) failed to include a 51-month sentence cap in the plea agreement; (5) failed to obtain the same plea agreement given to co-defendants; and (6) failed to object to the court's use of Defendant's prior convictions to calculate a sentencing range.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense (*i.e.*, counsel's errors were so serious as to deprive the defendant of a fair and reliable trial). Strickland v. Washington, 466 U.S. 668, 687-690 (1984). To establish deficient performance of counsel, the defendant must demonstrate that counsel not only committed errors, but the performance fell below an objective standard of reasonableness. Id. To establish prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a challenge to a guilty plea based on ineffective assistance of counsel, a defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Review of counsel's performance is highly deferential and there is "a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689.

PAGE 4 - OPINION AND ORDER

Defendant's allegations that his attorney lied to him about the maximum sentence he could receive, rushed him into signing the plea agreement, and coerced his answers at the plea hearing are not supported by the facts. The record shows that Defendant, as a convicted felon, faced a potential mandatory minimum sentence of twenty years in prison if convicted for conspiracy to distribute cocaine. To avoid a mandatory minimum sentence, Defendant's counsel deftly negotiated a plea agreement with the government. The government agreed not to pursue the mandatory minimum, and Defendant agreed to plead guilty to one count of conspiracy.

Defendant cannot seriously contend that he did not know that he was pleading guilty to a charge that carried a potential sentence in excess of 51 months, and that the court would determine his sentence. The plea agreement stated that the maximum sentence which could be imposed by the court was twenty years in prison. The agreement also stated that the court was not bound by the sentencing recommendations of the parties, and that the court would resolve all sentencing issues. Defendant signed the plea agreement, affirming he had reviewed it completely. An interpreter signed the agreement, affirming that he translated it to Defendant verbatim. Defendant's counsel also signed the agreement, affirming that he carefully reviewed every part of the agreement with Defendant. At the sentencing hearing, I reviewed the plea agreement with Defendant and he confirmed that he understood the plea agreement. When I asked him if any other promises had been made to him regarding the agreement, Defendant responded "no." Defendant stated, under oath, that his guilty plea was freely and voluntarily made with a full understanding of the consequences of such a plea. In his affidavit, Defendant's counsel, Mr. Jones, denied making any promises to Defendant. In fact, before entering a guilty plea, Mr. Jones made clear to Defendant that there was no guarantee that he would get the

sentence recommended by the government or the much lower sentence Mr. Jones requested. Defendant's allegation that he pleaded guilty because he believed, based on Mr. Jones assurances, that he would receive a maximum sentence of 51 months is without merit.

Defendant's argument that his counsel failed to file appropriate discovery motions is not persuasive. Notably, no defendant in this case filed any pretrial motions. Moreover, no defendant went to trial on the extensive evidence gathered by the government in this case. Assuming *arguendo* that Defendant's counsel erred in not filing any pretrial motions in this case, Defendant has failed to show that there is a "reasonable probability" that but for his counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Here, Defendant does not specify any motion that should have, or could have been filed. Failure to raise a frivolous or untenable claim is not ineffective assistance of counsel. Miller v. Keeney, 882 F.3d 1428, 1434 (9th Cir. 1989).

Moreover, counsel are afforded wide latitude in formulating trial tactics and strategy. Hensley v. Crist, 67 F.3d 181, 185 (9th Cir. 1995). A tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it." Adams v. Wainright, 709 F.2d 1443, 1445 (11th Cir. 1983); Cf. Strickland, 466 U.S. at 690. Given the nature of the evidence, the potential twenty year mandatory minimum sentence, and Defendant's instruction to counsel to pursue the best possible plea bargain, Mr. Jones focused on mitigating the potential sentence and avoiding the twenty year mandatory minimum. Defendant has failed to demonstrate that his counsel's strategic decisions were patently unreasonable.

Defendant's claim that his counsel failed to adequately research the facts and the

PAGE 6 - OPINION AND ORDER

applicable law is not supported by the facts. Mr. Jones has substantial experience representing criminal defendants charged with narcotics offenses. In his affidavit, Mr. Jones stated that he carefully reviewed the discovery material provided by the government in this case and employed an investigator to gather evidence for trial. In his affidavit, Mr. Jones stated the evidence against his client was strong. Defendant was not interested in hearing about the evidence, but Mr. Jones persisted in explaining it to him so that Defendant could make a fully informed decision. Defendant instructed Mr. Jones to negotiate the best plea agreement he could. Mr. Jones' affidavit, his negotiations with the government, and his argument at the sentencing hearing demonstrate that Mr. Jones had a thorough understanding of the facts and the applicable law in this case.

      Defendant's allegation that his counsel was constitutionally ineffective because he failed to include a 51-month cap in the plea agreement is without merit. Defendant fails to indicate how counsel could have obtained a 51-month cap in his sentence when the government had no obligation to enter such a one-sided agreement. As noted, Defendant faced a potential twenty year mandatory minimum sentence as a convicted felon charged with conspiracy to distribute cocaine. A first-time offender would face a potential twenty-year term in prison. The co-defendants in this case had no prior felony convictions, yet received seventy months in prison. Defendant cannot seriously contend that his counsel was ineffective because he failed to obtain a lighter sentence for a convicted felon than several co-defendants who had no prior convictions.

      Defendant's claim that his counsel failed to seek the same plea agreement for Defendant as similarly situated co-defendants is also unpersuasive. Contrary to Defendant's allegations, his

counsel argued at length for a reduced sentence based on the sentences imposed on Mr. Vasquez-Gomez's co-defendants. Mr. Vasquez-Gomez's co-defendants qualified for a safety valve reduction in sentencing under the advisory sentencing guidelines because they had no prior convictions. Mr. Vasquez-Gomez, however, had a prior conviction for delivery of heroin in California. Thus, I found that Defendant was not similarly situated with his co-defendants, and did not qualify for the safety-valve reduction.

Finally, Defendant claims that his counsel erred in not objecting to the court's enhancement of his sentence based on his prior felony convictions, which were neither plead in the Information not proved to a jury beyond a reasonable doubt. This argument is without merit, as a prior conviction used to enhance a sentence need not be pled or proved beyond a reasonable doubt. See United States v. Brown, 417 F.3d 1077, 1078-79 (9th Cir. 2005) (holding that the prior conviction exception is still valid post-Booker; a prior conviction used to enhance a sentence need not be pled or proved beyond a reasonable doubt).

Defendant's allegations of ineffective counsel are without merit. For the reasons discussed above, Defendant's motion to (doc. 316) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.§ 2255 is DENIED.

IT IS SO ORDERED.

DATED this 31st day of October, 2006.

/s/ James A. Redden
James A. Redden
United States District Judge

PAGE 8 - OPINION AND ORDER